Argued October 10, modified December 9, 1919.

# KIESENDAHL *v.* GANOE.

(185 Pac. 589.)

**Trusts—Termination for Dereliction of Trustees.**

1. Trustees holding apartment house property for a divorced husband and wife should have acted with promptness and efficiency in collecting and securing rents from the property, instead of letting it run constantly behind, into danger of being entirely exhausted and eaten up by expenses, and for failure to do so the trust was properly terminated at suit of husband and wife.

**Trusts—Reimbursement of Trustees for Money Borrowed.**

2. Where trustees of apartment house property for a divorced husband and wife acted in good faith in borrowing money to pay taxes and other expenses on the property, and to buy furniture left in the house by a tenant, and to buy a judgment against her under which the furniture might be levied upon, they should not lose the money

they put up for the benefit of the estate, and the *cestuis* cannot have reconveyance of the trust property until any amounts due on the notes have been paid or the trustees discharged in some way.

**Trusts—Payment of Compensation to Trustees Before Reconveyance on Termination.**

3. The amount due trustees for their services should be paid by the *cestuis* before reconveyance to them by the trustees on termination of the trust by court decree.

**Trusts—No Continuance of Trust to Protect Unjeopardized Claims of Creditors.**

4. When a trust is being constantly operated at a loss, and the property of the *cestuis* is ample to protect all the rights of creditors not made parties to the suit for termination of the trust, it should not be continued merely to secure the claims of such creditors.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.

This is a suit brought by the plaintiffs, Emil Kiesendahl and Augusta Kiesendahl, against the defendants, Ganoe and Baker, to terminate a trust, and for an accounting and damages for the maladministration thereof.

It appears from the record that up to some time early in the year 1915 the plaintiffs, Augusta Kiesendahl and Emil Kiesendahl, were husband and wife. About that time, they being unable to continue the marriage relation, a divorce proceeding was brought, which finally terminated in a dissolution of the marriage bonds.

Plaintiffs then owned considerable property, more or less encumbered, consisting principally of an apartment house in the City of Portland, generally referred to as the "Mill Street property," and certain valuable residence property. There was a stipulation between the parties for a division of this property, and according to that stipulation Mrs. Kiesendahl got the residence property and a five-twelfth (5/12) interest in the Mill Street property, and Emil Kiesendahl got the

other seven-twelfth (7/12) interest in the latter property.

There was at that time a good deal of bitter feeling between the plaintiffs, and they being unable to agree as to the management of the property, it was arranged that it should be conveyed in trust to the defendants, Baker and Ganoe—Baker to hold the 5/12 interest of Mrs. Kiesendahl and Ganoe to hold the 7/12 interest of Mr. Kiesendahl.

These assignments provided, in brief, that the assignees should take the property and manage and control the same and collect the rents thereof, and out of the profits therefrom they should pay the debts and obligations of the Kiesendahls, including any debts due the trustees, and should pay over to the Kiesendahls a certain fixed sum each month, and turn the balance of the revenues after the debts and expenses were paid to the Kiesendahls, in proportion to their respective interests.

The property designated as the Mill Street property is more accurately described as follows:

"That portion of lots 7 and 8, block 189, city of Portland, bounded thus: Beginning on Mill Street in said city of Portland, at the northeast corner of said lot 8, block 189; thence southerly along the easterly ends of said lots 7 and 8, 95 feet; thence westerly parallel with the southerly side of said lot 7, 50 feet; thence northerly parallel with the easterly side of lots 7 and 8, 95 feet to the northerly line of said lot 8; thence easterly along the northerly line of said lot 8 to the place of beginning."

At the time of the execution of the trust agreement and when the defendants took over the management of the property, it was rented to a Mrs. Jennie H. Stacy at a fixed rental of $160 per month. The lease pro-

vided that it should not be transferred without the consent of the lessors in writing.

Mrs. Stacy paid the rent up to about the 1st of July of that year, and then undertook to transfer the lease to one Bradford, who, in his turn, undertook to transfer it to a Mrs. Hanson. Neither Mrs. Stacy or Bradford procured the written consent of the trustees to the transfer of the lease, as required therein. About this time rents seem to have gone down rapidly in the City of Portland and this property shared in the decreased rental value. Mrs. Stacy and her sublessees were clamoring for a decrease in rent, and claimed they were not able to pay the rent provided in their lease. Notwithstanding the failure to obtain the consent of the trustees to the transfer in writing, Mrs. Hanson went into possession of the property and held possession for about a year, without paying any rent to anyone.

The trustees refused to release Mrs. Stacy, and refused to accept any rent from her sublessees, claiming that they might, thereby, release her from her contract. They also refused, or at least failed, to make any reduction in the rent. They brought several actions against Mrs. Stacy to recover rent, in which they were successful in so far as recovering judgments were concerned. They seem, however, to have been unable to realize anything on execution, except on the first judgment, which was for $320, which they recovered.

About May 31, 1916, Mrs. Stacy went into bankruptcy and was adjudged a bankrupt and the defendants received from the trustee in bankruptcy the sum of a little over $100 upon the rent due from Mrs. Stacy. This, with the $320 already referred to and the amount paid by Mrs. Stacy and Bradford for the first month or two, was all the sums ever received by the

defendants upon the rental of the property, until Emil Kiesendahl was put in charge of the same, as will be hereinafter stated.

After her liabilities to the trustees were finally fixed, by their having recovered the different judgments against her, Jennie Stacy commenced an action against Minnie Hanson, who was in possession of the property, to recover the rents from her. In this action the defendant Ganoe appeared for Minnie Hanson adversely to Mrs. Stacy, the tenant of the trustees.

Mrs. Stacy also brought an action of forcible entry and detainer against Minnie Hanson to recover possession of the property, and in that proceeding also the defendant Ganoe appeared for Mrs. Hanson. In the proceedings by Mrs. Stacy against Mrs. Hanson to recover rent there was a judgment in favor of Mrs. Stacy for $985 and the plaintiff Emil Kiesendahl was placed in possession of the property by the sheriff in that proceeding. When Mrs. Stacy went into bankruptcy, the trustee in bankruptcy took charge of the property and paid rent for awhile to the trustees, but finally gave up the property and Emil Kiesendahl was then placed in charge by the trustees, defendants herein. About September 5th, he refused to turn over the proceeds of the house any longer to the defendants, and commenced to turn them over to H. E. Collier, one of the attorneys for the plaintiffs. At the time of the commencement of this proceeding the defendants, having failed to collect the greater portion of the rent for the entire time they had charge of the property, had not paid anything on the principal of the debt of the Kiesendahls, and in fact the property was constantly running behind. They had been compelled to borrow $300 from the Northwestern Bank to pay the taxes and other charges, including interest on the mortgage, and

they had also at another time borrowed $350 to buy the furniture left in the house by Mrs. Hanson, and to buy the judgment which Mrs. Stacy held against Mrs. Hanson, and under which the property seems to have been levied upon.

The defendants filed an account of the receipts and disbursements made by them, which is accepted, as we understand it, by the plaintiffs as substantially correct, and upon which the debits and credits are practically balanced.

In addition thereto, the defendant Baker claims that the plaintiff, Augusta Kiesendahl, is indebted to him in the sum of $1,244.33, $1,000 for services rendered during the continuancy of the trust and $244.33 which he claims was due upon a stated account for services rendered previous to the initiation of the trust.

The defendant Ganoe also claims that the plaintiff Emil Kiesendahl is indebted to him in the sum of $1,735, partly for services in the divorce proceedings prior to the creation of the trust, and partly for services performed as attorney during the pendency of the trust.

The decree of the court below was for a termination of the trust and for a reconveyance of the property by the trustees to the plaintiffs, according to their respective interests. The decree further provides:

"That the plaintiffs are entitled to credit from the defendants H. L. Ganoe and G. Evert Baker jointly and severally, the sum of $550, lawful money of the United States, in lieu of rents which should have been but were not collected by said trustee defendants from the real property hereinabove described.

"That defendant G. Evert Baker have and recover of and from the plaintiff Augusta Kiesendahl the sum of $335.83, and that after deducting 5/12th of said $550, to wit, $229.15, to be credited to plaintiff Augusta Kiesendahl, that the defendant G. Evert Baker have and

recover of and from said Augusta Kiesendahl after the deductions aforesaid, the sum of $106.68. And that defendant H. L. Ganoe have judgment against the plaintiff Emil Kiesendahl in the sum of $237.50 and that after deducting said $237.50 from 7/12ths of $550, to wit, $320.81, that plaintiff Emil Kiesendahl have and recover his balance due from defendant H. L. Ganoe, the sum of $83.31.''

MODIFIED.

For appellants there was a brief over the names of *Messrs. Ganoe & Ganoe, Mr. G. Evert Baker, Mr. O. M. Hickey* and *Mr. L. G. English,* with oral arguments by *Mr. H. L. Ganoe* and *Mr. Baker.*

For respondents there was a brief with oral arguments by *Mr. H. E. Collier* and *Mr. John F. Logan.*

BENNETT, J.—The basis of the decree of the court below as to the respective allowances to the defendants for their professional services appears in an opinion filed by the court, which seems to have been accepted by both sides as findings in the cause, as no other findings appear in the record. We quote from these findings:

"Considering all of the circumstances and making due allowance for the time that the trustees might have reasonably considered that Mrs. Stacy was solvent and that the rent could be obtained from her, and providing amply for all reasonable delays and necessary reductions in rent, I am of the opinion that they lost on this account at least $550, for which they should account in this suit. * * The fees that I consider were reasonable to be allowed for professional services are the following:

"1. In the first case against Mrs. Stacy for rent wherein $388.11 was finally recovered, a fee of $50 in the Circuit Court and $25 for the dismissal of the appeal in the Supreme Court.

94 Or.—19

"2. The divorce suit of Kiesendahl v. Kiesendahl (Ganoe's portion), $250.

"3. Rose Kiesendahl v. Emil Kiesendahl (replevin action) $50.

"4. Feary Brothers v. Kiesendahl, $20.

"5. Boyden v. Kiesendahl, $20.

"6. Prettyman v. Kiesendahl, $10.

"7. Burrill matter, $5.

"8. Aplin Restaurant matter, $10.

"9. Settlement of the Jorgens claim, $25.

"10. Drawing two wills for E. Kiesendahl, $30.

"11. Baker and Ganoe, Trustees, v. Stacy, action for $480 filed December 15, 1915.

"No fees should be allowed, in my opinion, except the foregoing to either trustee, save such as have been heretofore referred to and approved."

The judge in the court below, heard the evidence in the cause and saw the manner of the witnesses upon the stand, and is in a better position to judge of the weight of their testimony than we can possibly be. We do not see any reason to disturb his findings upon these allowances.

1. We also agree with the court below that the defendants should have acted with more promptness and efficiency in collecting and securing the rents from the property. Under their management the property was running constantly behind, and it was only a question of time when it would have been entirely exhausted and eaten up by expenses. We think the court, under the circumstances, very properly terminated the trust.

We agree also that $550 was a reasonable allowance and estimate of the damages which the plaintiffs' estate suffered by reason of the failure of the defendants to act more promptly and energetically. In reaching this conclusion we have taken into consideration the fact that the plaintiffs themselves were pulling and hauling, and more or less embarrassing the defendants, in the

administration of their trust. Nevertheless, we think the defendants were to blame themselves in the matter.

It seems, however, that the court below in its decree overlooked the $250 which it had allowed to Ganoe in its findings as a fee in the divorce proceedings. It seems to have been assumed in the court below and by all the parties that the court should adjudicate the amount of all these fees and claims. Acting upon this assumption we think the defendant Ganoe should have been allowed this $250. It is argued upon behalf of the defendant Ganoe that this allowance should have been larger, but on the whole in view of all the circumstances we think it was an amply sufficient recompense for his services in the divorce matter.

2, 3. We also think that some provision should be made in the decree, in relation to the $300 borrowed by the defendants as trustees to pay the taxes and other expenses on the property, and the $350 afterwards borrowed to buy the furniture left in the house by Mrs. Hanson, and to buy the Stacy judgment against her, under which that property might be levied upon and held. We think the defendants acted in good faith in relation to these matters and they ought not to lose the money they put up for the benefit of the estate. It does not appear clearly from the record in the case just how much is still due and outstanding upon these notes, nor does it appear satisfactorily whether the defendants are personally liable thereon. We think the decree should provide that any amount due upon these notes, which has not already been paid out of the trust funds, should be paid or the defendants discharged in some way from liability before plaintiffs can have a reconveyance of the trust properties. The amount due to the defendants for their services ought also to be paid by the plaintiffs before a reconveyance.

4. It is urged that there are other creditors who have an interest in this trust, but such creditors have not been made parties, nor have they intervened in any way. It seems that the property of plaintiffs is ample to protect all the rights of these other creditors, whether the trust is continued or terminated, and when the trust is being constantly operated at a loss, we do not think it should be continued, for the purpose of securing their claims.

The decree of the court below should be modified by adding $250 to the credit of the defendant H. L. Ganoe, thereby giving him a judgment against Emil Kiesendahl for $166.49. The decree also should be modified by making the reconveyance of the property, subject to and upon a satisfaction of the note given by the trustees to the Northwestern Bank for $300, and $350, respectively, or any renewals of the same after allowing for all payments which have been made thereon out of the trust fund.

Under the circumstances of this case we think neither party should recover costs either in this court or in the court below.      MODIFIED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.