Argued April 8, affirmed as modified May 25, 1926.

## H. L. GANOE *v.* JUNIUS V. OHMART.

(246 Pac. 348.)

**Fraud.**
1. Fraud must be established by clear and satisfactory evidence.

---

1. See 12 R. C. L. 436.

Attorney and Client—Partner in Law Firm Held Entitled to Share of Fee Allowed Copartner as Offset for Damages in Suit in Which He was Defendant.

2.   Partner in law firm *held* entitled to share of fee allowed co-partner as offset for damages in suit in which he was defendant, though such fee was never collected by firm.

Appeal and Error, 4 **C. J.**, p. 1154, n. 65.
Fraud, 27 **C. J.**, p. 64, n. 92.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

Plaintiff's action is based upon two promissory notes executed by defendant on June 1, 1919, one for $1,500 and another for $241.97, bearing interest at the rate of 7 per cent per annum and due on or before ninety days after date. It is alleged no part of the amount due on these notes has been paid except the sum of $753 on June 7, 1920. Defendant admits the execution of the notes, but denies there is any amount due thereon. As a further and separate answer, defendant alleges in substance that plaintiff and he formed a copartnership for the general practice of the law in the City of Portland, in 1911, and continued such relationship until July, 1914, when, by mutual consent, the partnership was dissolved. Defendant alleges it was thereupon agreed that as to all business pending with the firm they should share equally in the division of fees. It is contended that plaintiff has failed and refused to account to defendant for fees earned pursuant to such agreement, amounting in the aggregate, as claimed in appellant's brief, to $1,928.06. Defendant seeks an accounting and prays that the amount found due him be offset against plaintiff's two causes of action.

Plaintiff in his reply admits the partnership relation alleged by defendant, and the agreement had

upon dissolution of the same, but denies that he has failed to account for any amount due defendant.

The trial court found against the contentions of defendant and decreed that plaintiff recover judgment in the sum of $2,185.38, with interest thereon at the rate of 7 per cent per annum from the twenty-fourth day of January, 1923, and for the further sum of $75 as attorney's fees. Plaintiff was also awarded costs and disbursements. Defendant appeals.

AFFIRMED AS MODIFIED.

For appellant there was a brief and oral arguments by *Mr. W. O. Sims* and *Mr. Junius V. Ohmart.*

For respondent there was a brief over the name of *Mr. H. L. Ganoe,* with an oral argument by *Mr. L. E. Schmitt.*

BELT, J.—1. There are no questions of law involved. The principal controversy arises over a fee of $2,000 allowed in a partition suit instituted to divide certain property among the heirs in the Henry D. Winters estate. A careful study of the transcript of evidence and the briefs submitted convinces us that the partnership of Ganoe and Ohmart had no concern in the fee in question. The partition suit was a phase of the Winters estate litigation not embraced within the scope of the agreement relative to division of fees. He who charges fraud must establish it by clear and satisfactory evidence, and this the defendant has failed to do. A complete recital of the evidence as a basis for the conclusion reached might prove of interest to the parties litigant, but would not be beneficial or instructive to the profession generally. The late Judge STAPLETON, who heard

this cause in the lower court and who will long be remembered for his knowledge of the law and his great fund of common sense, substantially expresses our views in an able opinion made a part of the record herein.   So let it be.

Appellant claims 50 per cent of a fee of $50 earned by the firm in *Spence* v. *Hull*.   Respondent is uncertain whether he accounted to defendant in this particular case and states he is willing to give him the benefit of the doubt.   Defendant will therefore be allowed a credit of $25.

2. In *Kiesendahl* v. *Ganoe,* 94 Or. 283 (185 Pac. 589), plaintiff was allowed a fee of $250 as an offset for damages sustained by Kiesendahl in that case. It is true that the firm did not collect this fee but since Ganoe was benefited to the extent above mentioned we think it only equitable that Ohmart be credited herein for his share of the fee, namely, $125.

In the decree of the trial court it seems that, through inadvertence, defendant was not given credit for payment of $753 admitted by plaintiff in his complaint to have been made on the notes therein described.   The decree will therefore be modified awarding plaintiff judgment against defendant in the sum of $943.97, with interest thereon at the rate of 7 per cent per annum from June 7, 1920, together with the sum of $75 allowed as attorney's fees.   Neither party will recover costs and disbursements here nor in the lower court.                                    MODIFIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.